[Civ. No. 13456.  First Dist., Div. One.  Nov. 6, 1947.]

A. HIRSCHBERG et al., Plaintiffs and Respondents, v. W. L. OSER et al., Defendants and Respondents; ZEREFA MALOOF, Appellant.

Frank J. Baumgarten and John F. O'Sullivan for Appellant.

Knight, Boland & Riordan, John H. Riordan, F. J. Kilmartin, Oswald A. Hunt and Samuel M. Samter for Plaintiffs and Respondents.

Gaylord & Gaylord and Goldstein, Barceloux & Goldstein for Defendants and Respondents.

BRAY, J.—Appellant was the successful bidder at the referee's sale of certain real property in the above-entitled partition action. After the property had been sold to her, she refused to pay the purchase price, claiming misrepresentations to her by her own attorney. The validity of the sale is in nowise attacked. She contends that the proceedings for confirmation and subsequent proceedings are invalid.

The sale took place July 3, 1946. On July 10, a "Return and Account of Sale of Referee in Partition" was filed. After reciting the notices given of the sale, the proceedings at the time of sale, the fact that the bid of appellant in the sum of $75,000 was the highest and best bid, that appellant deposited with the referee the sum of $8,000 of such bid, the fact that the property which is therein described was sold to appellant as the highest and best bidder, the return prays that after hearing the court "if it so determines, approve said sale and order said Referee to make a deed conveying said property upon the payment of the balance of the purchase price."

The hearing of the return was set for July 20, and due notice thereof given. The minute entry of that day, headed

"Clerk's Minute Entry on Approval of Referee's Account and Confirmation of Sale," after reciting the appearance of attorneys for all the parties, including appellant, and reciting that the referee was sworn and examined as a witness, states "Thereupon the Court ordered the Petition to Confirm the Sale approved and ordered the following fees paid: . . . "— certain fees to the attorneys for the plaintiffs and the defendants, and fees to the referee.

Up to this point, the appellant was apparently satisfied with the sale and proceedings, and made no objections thereto. In fact, her attorney was present at the hearing, evidently for the purpose of making certain that the sale was confirmed to her. On August 29, appellant filed a "Petition to Vacate Sale and Relieve Bidder and Return Money" in which she asked that the sale be vacated because of alleged misrepresentations by her own attorney. The hearing of this petition was had on September 11, and denied by the court. The same day appellant filed a "Dismissal Without Prejudice" of that petition.

Up to this time no formal written and signed order confirming sale had been made by the court. On October 1, after notice to all parties except appellant that such a decree would be presented to the judge for signing, a "Final Decree in Partition" was signed by the court, and filed on October 8.

This decree is really a combination of an order confirming sale and a final decree in partition. It first recites the fact that the return and account of sale of the referee came on for hearing on July 20, and that due notice of that hearing was given. It then states "and, the Court having duly examined said return and evidence having been introduced in support thereof, the Court now finds" that the referee sold the real property to appellant for $75,000; that the sale was legally made and conducted, etc.; that no objections were made by anyone either to the sale or the report of the referee; that all of the allegations in the report of the referee are true. It then sets forth disbursements made by the referee and approves them. It finds that certain defendants have no interest in the property and that certain defendants have the interests therein as set forth in the complaint.

It thereupon provides: "WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said Report of said Referee and the sale for Seventy-five Thousand Dollars ($75,-000.00) to Zerefa Maloof be and the same are hereby confirmed and approved; that said Referee make, execute and deliver a

285

conveyance of the said real property to ZEREFA MALOOF, upon receiving the balance of said purchase price. . . ."

It then proceeds to provide for the distribution of the proceeds of the sale to certain parties in certain proportions, and finally it describes the real property.

On October 25, there was filed a "Supplemental Report of Referee and Petition for Instructions." Notice of its filing and the date set for hearing was given to all parties, including appellant. This report set forth the fact that the referee on October 11 had tendered to appellant a properly executed deed of the property purchased by her at the sale and that she had refused to accept it and had notified him that she did not intend to complete the sale. It asked the court to order a resale, and to authorize the referee to recover from appellant any loss that might be occasioned by the resale, and asked for further instructions.

At the hearing of this petition the court instructed the referee to resell and to retain appellant's deposit, and institute suit to collect from her any loss from the resale. On November 18, after notice given, appellant moved the court to "Vacate and/or Modify Order of Resale." This motion was denied by minute order on November 27.

After reselling there was filed a "Report and Return of Referee in Partition on Resale of Premises," in which the referee set forth the proceedings by which he resold the property for $55,000. Notice of motion to confirm this report was given to appellant and all the parties. On December 18, appellant filed "Objections to Confirmation of Resale of Real Estate." On December 20, the court made and entered its order overruling appellant's objections and confirming the resale of the real estate. On December 27, the court signed and on December 28, filed an "Order Denying Objections to Confirmation of Resale of Real Estate."

Appellant has appealed from (1) the final decree in partition; (2) the order denying the motion to vacate and/or modify the order of sale; (3) the order denying the objections to confirmation of the resale; and (4) the order confirming the resale.

No notice of appeal was filed as to the minute order of July 20. As to this minute order, appellant contends that it was an attempted confirmation of sale under section 785 of the Code of Civil Procedure, but void because it did not fully comply with that section, in that, among other things, it did not direct the referee to execute a conveyance of the property.

She also contends that it belongs to the class of judgment set forth in rule 2(b) (1), Rules on Appeal, which states: "The date of entry of a judgment shall be the date of its entry in the judgment book." But if this minute order was a final order as contended, appellant would be out of court on this appeal as she failed to appeal from that order. To meet this situation she then contends that the inclusion in the final decree in partition of an order confirming sale is reached by her appeal from that decree, and if held to be void, leaves the record with no order for the execution by the referee of a conveyance to her and hence she was never in default. At first, respondents took the position that this was merely a skeleton minute order to be followed by a formal written order, and that the formal written order is in the final decree in partition. Respondents now take the position that this minute order constitutes a final order, and was sufficient in itself because it approved the referee's petition in which the referee had requested the court to approve the sale and order him to make a deed to appellant of the property.

As pointed out in our decision in *Pessarra* v. *Pessarra,* 80 Cal.App.2d 965 [183 P.2d 279], rule 2 (b) (2), Rules on Appeal, was adopted to do away with the old rule, which was to the effect that whether a minute entry was final or not frequently depended upon whether the judge who ordered it made intended to follow it with a formal order. If he did, the minute entry was not final; if he did not, it was. As this intention did not have to be expressed in the minutes, a litigant was always in a quandary to determine whether to appeal from the minute entry or to wait and see if a formal order were filed, and then to appeal from the latter. Rule 2(b) (2) now makes the minute order final, unless it shows by its own terms that it is to be followed by a formal order. Although the rule is silent on the point the courts have held that it does not apply to cases in which written findings of fact must be made. In such cases, obviously the formal written order or judgment is to follow, because without it there is no rendition of judgment. (*Trubowitch* v. *Riverbank Canning Co.,* 30 Cal.2d 335 [182 P.2d 182].)

Some confusion undoubtedly exists as to the exact meaning and application of rule 2(b) (2). It may well be that in view of the more than four years' experience since that rule was adopted, and the cases decided under it, the Judicial Council should redraft or amend it. In the instant case, however, in view of the provisions of section 785 of the Code of Civil

Procedure, we are convinced that rule 2(b) (2) has no application but that rule 2(b) (3) is the applicable rule. That rule reads: "The date of entry of an order which is not entered in the minutes shall be the date of filing of the order signed by the court." Section 785 of the Code of Civil Procedure provides: "If the sale is confirmed by the court, an order must be entered, directing the referees to execute conveyances," etc. "Such order may also give directions to them respecting the disposition of the proceeds of the sale." It is apparent from this section that it requires a detailed formal order confirming the sale, for the order must contain matters such as a description of the property which never appear in a minute order. To give effect to the wording of section 785, we must hold that this is the type of order referred to in rule 2(b) (3) which is not entered in the minutes. Hence it is the formal order which is the final and appealable order, and not the minute entry, which merely indicated the court's intention to confirm the sale, but did not constitute the order or decree required by section 785. Appellant appealed from the formal order and such appeal is therefore in time.

█ Appellant also attacks the right of the trial court to fix attorneys' and referee's fees at the time of confirmation of sale. The matter of award of fees is no concern of appellant's. (See *Canvin* v. *General Brewing Corp.*, 20 Cal.App.2d 49 [66 P.2d 691], where the court held that it was immaterial to the defendants that the trial court ordered the plaintiff to pay the surety company certain sums out of the judgment awarded plaintiff against the defendants.) Moreover, the case of *Broome* v. *Broome*, 179 Cal. 638 [178 P. 525], cited by appellant, which holds that an allowance of attorney's fees has no proper place in an interlocutory decree of partition, does not hold that the inclusion of such an allowance makes the decree void. On the contrary, the court merely struck the allowance of fees from the decree and then affirmed the decree. Again, here the order was not an interlocutory decree of partition, but an order provided for by section 785, Code of Civil Procedure, which states that "Such order may also give directions to them [the referees] respecting the disposition of the proceeds of the sale."

█ Appellant contends that the final decree in partition is void, and, therefore, that there is no formal order confirming sale. While the better practice, no doubt, is to make the formal order confirming sale an order separate in itself,

rather than to incorporate it in another order or decree, there is nothing inherently wrong in including the order confirming sale in the so-called final decree in partition. This decree set forth all the matters required in an order confirming sale, such as the sale proceedings, the fairness of the sale, the fact that the confirmee was the highest bidder, a description of the property, and an order to the referee to make the necessary conveyance to the purchaser.

It shows on its face that it is an order based on the proceedings had on July 20, on the hearing of the report on the return of sale of the referee, and after confirming the sale directs the referee to execute a conveyance to the purchaser on receipt of the purchase price.

■ In her attack on the final decree in partition, appellant takes the position that under the provisions of sections 765, and 766 of the Code of Civil Procedure the court was not in a position to make a final decree of partition. However, section 765 applies to proceedings in partition where the real property is divided in kind, and not to proceedings where the real property has been sold and there is only money to be divided. Section 766 merely provides for the final decree in partition, and where there is no partition in kind, does not require compliance with section 765. ■ Section 785 of the Code of Civil Procedure provides that the court in the order confirming sale and directing the referee to execute conveyance may give directions to the referee respecting the proceeds of the sale, as it did here. The court ordered the moneys expected to be received from the sale finally divided. This it had the right to do.

■ One of appellant's objections to the decree is that it was presented to the court for signing without notice to appellant. However, there is no requirement that when a court hears a return of sale, notice must be given to the purchaser of the fact that the referee is presenting the formal order to the court for signature. A hearing of the return was had in court, of which hearing appellant had due notice. In fact, she appeared at the hearing. She made no objection to the confirmation of the sale by the court. The customary procedure is for the attorney for the referee to present the formal order to the court without notice to anyone. The only reason notice was given here to the other parties in the case was because the attorney contemplated including an order for the distribution of the proceeds to be received from the sale to the parties interested.

■ As long as the portion of the decree which constituted an order confirming sale was full and complete, appellant is not in a position to complain about the insertion therein of additional matter which did not concern her. Her only right is to have an order confirming sale entered, which, together with the deed, will pass a valid title to her when she completes the payment of the purchase price. The decree here did that. What final disposition the court might make of the money she pays to the referee does not concern her in the slightest degree.

### Other Appeals

■ Appellant in addition to appealing from. the final decree in partition, also appealed from the order denying the motion to vacate and/or modify the order of resale, the order denying objections to confirmation of resale, and the order confirming the resale. She has now abandoned these appeals. She relies upon the order of resale, and the confirmation of the resale thereunder, as basis for her contention that as, under her construction of the proceedings, there was no confirmation of the sale to her, the new sale and its confirmation operated as a rejection of her bid, citing 31 American Jurisprudence 512, section 207. In her supplemental brief, appellant asks that ''The court find that the second sale is the only valid sale of the property, which relieved the appellant of her bid and entitled her to the return of her money.'' But as herein pointed out, the sale to her was validly confirmed. Therefore, she was in default when she refused to carry out her contract and pay the purchase price. Under those circumstances, the resale was not a rejection of her bid.

The orders appealed from are affirmed.

Peters, P. J., and Finley, J. pro tem., concurred.