[Civ. No. 17452.  Second Dist., Div. Two.  May 22, 1950.]

LYNN BELOIN et al., Respondents, v. DAVID BLANKENHORN et al., Appellants.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, and Hanna & Morton for Appellants.

J. Henry Schweitzer and John L. Bland for Respondents.

McCOMB, J.—This is an appeal by defendants from a judgment ordering defendant board of zoning appeals to vacate a zoning variance for the construction of a gasoline service station.

## CHRONOLOGY

1. Defendant David Blankenhorn, who owned property situated at the northwest corner of Sunset Boulevard and Barrington Avenue, Los Angeles, which property was zoned for residential purposes only, applied to the planning commission of the city of Los Angeles seeking a variance with respect to his property so that it could be used for commercial purposes. After hearing before the zoning commission administrator of Los Angeles, his application was denied.

2. Defendant Blankenhorn then appealed to the board of zoning appeals from the decision of the zoning administrator and after hearing before said board an order was made granting his request for a variance.

3. Plaintiffs on behalf of themselves and all other property owners similarly situated filed the present petition for a writ of mandate to compel the board of zoning appeals to annul its order granting a variance and seeking to enjoin the zoning administrator from approving plans, and the general manager of the department of building and safety from issuing a permit for the construction of a service station on defendant Blankenhorn's property.

4. Defendants, board of zoning appeals and its members, filed a general demurrer to the petition.

5. All defendants filed answers denying most of the material allegations of the petition; e. g., (a) that the action was filed by plaintiffs in a representative capacity, (b) the reliance by plaintiffs upon the fact that the property was in a residential zone when they purchased it, and (c) that defendant Blankenhorn knew when he purchased the prop-

erty that it was zoned for residential purposes only. In addition various affirmative defenses were pleaded.

6. At the time of the hearing of defendants' demurrer to the petition it was stipulated that a certified copy of the record before the board of zoning appeals, which includes the record made on the hearing before the zoning administrator, could be considered in connection with the petition. After argument the demurrer was submitted for the court's consideration.

7. June 30, 1949, the trial court caused an order to be entered overruling the demurrer to the petition and ordering judgment for plaintiffs as prayed.

8. July 29, 1949, a judgment was entered in favor of plaintiffs in accordance with the prayer of the petition.

9. Findings of fact were never made, signed or filed by the court, nor were they waived by the parties.

## QUESTIONS

■ First: *Assuming without deciding that the proceedings enumerated above constituted a trial, did the trial court commit prejudicial error in failing to make findings of fact?*

This question must be answered in the affirmative. In a mandamus proceeding where issues of fact are raised by the pleadings, findings of fact are indispensable unless waived by the parties. (*Davis* v. *State Board of Optometry,* 35 Cal. App.2d 428, 433 et seq. [95 P.2d 959].) In the instant case material issues of fact were raised by the pleadings, and findings of fact were not waived by the parties. Thus it was prejudicially erroneous to fail to make findings.

■ Second: *Did the trial court err in giving judgment for plaintiffs after defendants' demurrer was overruled without having a trial of the issues of fact raised by the pleadings?*

This question must likewise be answered in the affirmative. The court is authorized to render a judgment in favor of plaintiff without a trial of issues of fact upon the overruling of a demurrer only if there is no answer on file and the defendant fails to file an answer creating issues of fact within the time allowed by the court. (Code Civ. Proc. § 586, subd. 2; *Warden* v. *Lamb,* 98 Cal.App. 738, 741 [277 P. 867]. *Cf., Felice* v. *City of Inglewood,* 84 Cal.App.2d 263, 267 [190 P.2d 317].)

In the present case the record discloses that the only matter that was submitted to the court at the time of the hearing of the order to show cause issued pursuant to the

petition was the demurrer to such petition, and that there was never any trial of the issues of fact raised by the denials in the answers which were filed. Hence the trial court committed prejudicial error in giving judgment in favor of plaintiffs.

In view of our conclusions it is unnecessary to discuss other points argued by counsel.

Reversed.

Moore, P. J., and Wilson, J., concurred.