[Civ. No. 14863.   First Dist., Div. One.   June 11, 1952.]

ELMER P. DELANY, Appellant, v. THOMAS A. TOOMEY, as Registrar of Voters, Respondent; WILLIAM M. MALONE, Real Party in Interest.

Delany, Werchick, Fishgold & Minudri and Jack H. Werchick for Appellant.

William J. Dowling, Jr., William B. Wetherall, James W. Harvey and Irving S. Rosenblatt, Jr., for Real Party in Interest.

WOOD (Fred B.), J.—In this proceeding for a writ of mandate requiring respondent Thomas A. Toomey, as registrar of voters, to certify petitioner as the newly elected Chairman of the Democratic County Central Committee of San Francisco, judgment was entered in the form of a minute order reading, "Petition for writ of mandate denied. Demurrer and motion to strike denied. Ord: restraining order dissolved."

Petitioner has appealed from those portions of the judgment which denied the petition and dissolved the restraining order. The restraining order was incidental to and a part of an alternative writ which had been issued, containing a recital that such a writ should issue "together with a temporary restraining order pending the hearing on said writ."

The appeal must be dismissed because taken from an order entered in the minutes upon the trial of issues of fact (not an order of nonsuit) made without findings of fact or waiver of findings.

Findings of fact are required, unless waived, upon the trial of a question of fact in a civil action. (Code Civ. Proc., §§ 632-634.) This requirement is made applicable to a mandamus proceeding by section 1109 of the Code of Civil Proce-

dure, which declares that "Except as otherwise provided in this title [which includes §§ 1084-1097, relating to the writ of mandate], the provisions of part two of this code [in which part §§632-634 occur] are applicable to and constitute the rules of practice in the proceedings mentioned in this title." We find nothing in the title mentioned (§§ 1067-1110b of the code) which dispenses with the requirement for findings of fact in a mandamus proceeding. Without discussion of section 1109, the court in *Davis* v. *State Board of Optometry,* 35 Cal.App.2d 428 [95 P.2d 959], held that findings of fact are required upon the trial of questions of fact in a mandamus proceeding. *Steen* v. *Board of Civil Service Commrs.,* 26 Cal.2d 716 [160 P.2d 816], does not hold differently. Findings of fact were not necessary in that case because there had been no trial of questions of fact. No writ had been issued and no answer or return had been filed. The hearing was held pursuant to section 1107 of the Code of Civil Procedure, "under which a copy of the petition for the writ is served on the respondent before an alternative writ is issued and the respondent may file points and authorities in opposition to it." (P. 727.) Accordingly, a denial of the petition by minute order without findings was sufficient.

█ There was a trial of questions of fact in the court below. Upon the filing of the petition, an alternative writ of mandate was issued requiring respondent Toomey as registrar of voters to issue the certificate demanded by the petitioner and to strike from his files a certificate showing that William M. Malone was the chairman of the committee, or to show cause at a time and place specified why he had not done so. On the return date, respondent Toomey filed his answer and return to the petition and respondent Malone as the real party in interest filed an answer. Each of these pleadings presented questions of fact to be decided by the court. In addition, Malone filed a demurrer to the petition and a motion to strike certain portions of the petition.

Shortly after the filing of the answer, the demurrer, and the motion to strike, the court, upon petitioner's request, continued the hearing to a later hour of the same day, to enable counsel for petitioner to examine the papers served that morning. At the postponed session, lengthy arguments were presented with reference to the demurrer and the motion to strike. Thereupon, the court asked "Is that all you are going to present to this Court this afternoon?" to which counsel for petitioner replied: "We are ready to proceed,

your Honor, on the writ of mandate, but we presume we have to have a ruling on this demurrer to the motion." The court responded "I don't intend to rule on it until I have an opportunity to investigate the matter myself." Counsel for petitioner then made an opening statement, during the course of which a number of stipulations of fact were made by the parties. He then put six witnesses upon the stand, all upon direct examination except respondent Toomey whom he called under section 2055 of the Code of Civil Procedure. Of the other five, four were cross-examined and two gave testimony upon redirect examination. In addition, three exhibits were introduced in evidence by the petitioner, and one by respondent Malone, all bearing upon questions of fact in the case. This hearing extended into the following day. Neither of the respondents offered any testimonial evidence. The conclusion seems inescapable that this hearing had all of the aspects of a "trial" as that term is used in section 632 of the code.

Petitioner, in his briefs upon this appeal, contends that there was no trial, for the reason, asserted by him, that the court denied him a full and fair hearing. █ The fact that a hearing may lack in fullness or fairness does not prevent it from being a trial. █ Moreover, in this case there was no such lack. The record, which we have examined, does not support petitioner's contention. The court exhibited liberality in the reception of evidence and encouraged its presentation; did not curtail petitioner in its production. When the last witness was on the stand, the court and counsel engaged in a discussion whether or not the court had jurisdiction to try the title to an office in such a proceeding. During that discussion petitioner said "I think we should be permitted to make a complete record. There is further evidence——" The court replied "Go ahead, go ahead. I am just telling you what my feeling is." Petitioner did go ahead. His counsel asked further questions and then dismissed the witness. He called no more witnesses and did not indicate that he had any additional evidence to offer. He did ask and was granted permission to file authorities that afternoon on the issues presented by the demurrer. Thereupon the proceeding adjourned. That proceeding was a trial of questions of fact.

Petitioner further suggests that the minute order denying the petition may have been an order for nonsuit which would not require findings of fact. This point does not find sup-

port in the record, for neither of the adverse parties made a motion for nonsuit. The statute predicates an order for nonsuit upon the adverse party making a motion for nonsuit after the plaintiff has completed his opening statement or the presentation on his evidence. (Code Civ. Proc., § 581c. See *Saul* v. *Moscone,* 16 Cal.App. 506 [118 P.2d 452].)

Where, as here, a minute order lacks one of the requisites of a final judgment (in this case, the required findings of fact) it is not appealable and the provisions of rule 2(b)(2) of the Rules on Appeal do not apply. (See *Trubowitch* v. *Riverbank Canning Co.,* 30 Cal.2d 335, 346-347 [182 P.2d 182]; *People* v. *Gordon,* 105 Cal.App.2d 711, 716-717 [234 P.2d 287]; *Reimer* v. *Firpo,* 94 Cal.App.2d 798, 800-801 [212 P.2d 23]; *Estate of Dow,* 91 Cal.App.2d 420, 423 [205 P.2d 698]; *Hirschberg* v. *Oser,* 82 Cal.App.2d 282, 285-287 [186 P.2d 53].)

The appeal is dismissed.

Peters, P. J., and Bray, J. concurred.