[Civ. No. 17134. First Dist., Div. Two. Apr. 10, 1957.]

ELIZABETH T. LASSEN et al., Appellants, v. CITY OF ALAMEDA et al., Respondents.

Hadsell, Murman & Bishop and Scott Elder for Appellants.

Frank Annibale, City Attorney, Pillsbury, Madison & Sutro, Wallace L. Kaapcke and Charles R. Purnell for Respondents.

STONE, J. pro tem.*—This is a purported appeal from an order discharging an alternative writ of mandamus which was issued pursuant to a petition contesting the validity of an order of the City of Alameda for the formation of a reclamation district within said city.

The order of the city council approved a petition of Utah Construction Company, owner of a large tract of tidelands in the city for the formation of a reclamation district. The petition included Utah's tidelands and contiguous parcels of other owners, all susceptible to reclamation by earthfill and levees. The petition contained a long description by metes and bounds of the boundary line of the proposed district, its proposed acreage and the names of the 218 owners of lands to be included in the district. At the hearing before the city council a map was introduced purporting to show the boundaries of the proposed district. Evidence was received in relation to said map. Six of the present petitioners appeared in formal opposition without presenting any evidence. Nobody pointed out that the description by metes and bounds contained two clerical errors (west written where east was meant) as a result of which the boundary so described did not conform to the map used at the hearing and

*Assigned by Chairman of Judicial Council.

the evidence relating thereto and that the description did not close. It also varied from the owners named in the petition and the acreage alleged to be situated within the boundaries. The description with the errors was used in the petition, the publications and in the original order approving the petition.

Appellants, all owners of land, within both the correct and erroneous boundary lines filed their petition for writ of mandamus on September 22, 1955, and in the alternative for a writ of certiorari, alleging that the evidence on the hearing related to a different boundary line than the one set out in the petition.

After the court had made its order for issuance of an alternative writ of mandate, the city council on September 29, 1955, made an "order correcting an inadvertent and clerical error" in the order forming the Reclamation District. The correct map and the correct description by metes and bounds were made part of the order. Thereafter, the city and Utah Construction Company, by way of return to the alternative writ each filed a general demurrer (for failure to state a cause of action) and a verified answer. The verified answer of the city sets out the facts concerning the map and evidence introduced before the city council, the unnoticed typographical errors in the metes and bounds description in the petition, and the correction by the order of September 29, 1955, copy of which with attestation of the city clerk is incorporated by reference in the answer. The correction order of the city also contains an extensive statement of the facts. The answer of Utah Construction Company also incorporates certain of the evidence introduced before the city council with reference to a record of the proceedings before the city council in the matter of the formation of a reclamation district, which record was filed with the trial court and ordered by it included in the record on appeal at the request of Utah Construction Company.

The appellants question the regularity of the mandamus proceedings in the trial court. On the day fixed for the return of the writ, both defendants filed demurrers and answers. The only record of what occurred is to be gleaned from the two minute orders filed in the proceeding. The minute order of October 7, 1955, the day of the return, clearly states the demurrers were argued and submitted. However, the order also refers to the order for issuance of writ of mandate and states in effect that it too was being submitted with the demurrers. The minute order reads as follows:

"In this action, the demurrer of Utah Construction Co. to the petition; the demurrer of the County of Alameda to the petition and the order for issuance of writ of mandamus come on regularly this day for hearing, Dan Hadsell of the law firm of Hadsell, Murman and Bishop appearing as counsel for plaintiff and Charles R. Purnell of the law office of Pillsbury, Madison and Sutro and W. L. Kaapcke, both appearing as counsel for defendant. After the presentation of arguments and the citation of authorities by respective counsel, said matters are submitted."

The order of October 11th contains the same ambiguity and reads as follows: "In this action, the demurrer of Utah Construction Co. to the petition and the demurrer of the City of Alameda to the petition and the order for issuance of writ of mandamus having been heretofore submitted on October 7, 1955, come on this day for ruling and the Court being fully advised, orders that said writ of mandamus be and the same is hereby discharged; that the demurrers of Utah Construction Co. and of the City of Alameda to the petition be and the same are hereby dropped from the calendar and the petition is dismissed."

 Although the true nature of the hearing is not clear from the record, it must be assumed the matter was heard on the merits because the demurrers were dropped from the calendar and the writ of mandamus ordered discharged and the petition dismissed. The answers in this case raised a question of fact. One of the questions was whether a person reading the published description would have notice of the error and recognize the correct or intended description. Respondent contends: "Had anyone actually attempted before or at the hearing to follow out the metes and bounds in the petition, the physical facts and the other descriptive elements would have revealed the errors. Hence no one could have been misled, even if he had tried to rely on the errors in the metes and bounds." What the physical facts and the other descriptive elements would have revealed to a landowner constitutes a determination of a question of fact. It would require the testimony of witnesses, probably expert witnesses.

 When a question of fact is raised by the defendant's answer, the applicant has the right to countervail it by proof, either in direct denial or by way of avoidance (Code Civ. Proc., § 1091). If only a question of law is raised the court may hear the matter upon the papers filed and the argument (Code Civ. Proc., § 1094). Applicant may also waive his

right to countervail and the matter may be heard on the papers filed and the argument. Nothing in the record before us indicates the applicants waived their right to produce evidence or countervail the answer. To the contrary, appellants strenuously contend that only the demurrers were argued and submitted. Appellants deny they waived their right to countervail the answers which were filed with the demurrers on the return day.

■ If a question of fact is raised by the answer to a petition for a writ of mandamus, the matter is heard in the same manner as any other trial (32 Cal.Jur.2d p. 278, § 72). Furthermore, when a question of fact is raised by a mandamus proceeding, findings of fact are required unless waived by the parties (Code Civ. Proc., § 1109; *Delany* v. *Toomey,* 111 Cal.App.2d 570-571 [245 P.2d 26]; *Beloin* v. *Blankenhorn,* 97 Cal.App.2d 662 [218 P.2d 552]). No findings were made in this case and nothing in the record indicates findings were waived by either party. ■ In the case of *Delany* v. *Toomey,* 111 Cal.App.2d 570, *supra,* it was held in a mandate proceeding at page 574 that ''Where, as here, a minute order lacks one of the requisites of a final judgment (in this case, the required findings of fact) it is not appealable and the provisions of rule 2(b) (2) of the Rules on Appeal do not apply. (See *Trubowitch* v. *Riverbank Canning Co.,* 30 Cal. 2d 335, 346-347 [182 P.2d 182]; *People* v. *Gordon,* 105 Cal. App.2d 711, 716-717 [234 P.2d 287]; *Reimer* v. *Firpo,* 94 Cal.App.2d 798, 800-801 [212 P.2d 23]; *Estate of Dow,* 91 Cal.App.2d 420, 423 [205 P.2d 698]; *Hirschberg* v. *Oser,* 82 Cal.App.2d 282, 285-287 [186 P.2d 53].)''

In view of the fact that findings were required in this case and were not made, the order is not final and hence not appealable. Appeal dismissed.

Kaufman, P. J., and Dooling, J., concurred.