[Civ. No. 21241.    First Dist., Div. Two.    April 20, 1964.]

SANFORD N. DILLER, Plaintiff and Appellant, v. E. B. FLYNN, JR., et al., Defendants and Appellants.

450

Seymour J. Abrahams for Plaintiff and Appellant.

Eustice & Feeley and W. Gordon Eustice for Defendants and Appellants.

AGEE, J.—Petitioner (Diller) is a director of Mountain View Savings and Loan Association. He obtained judgment

for writ of mandate compelling the association and its officers to allow him to inspect and copy from the records of the association.

Diller's petition is based upon section 7615.5 of the Financial Code, which provides in relevant part as follows:

"Every director shall have the right at any reasonable time to inspect all books, records, documents of every kind, and the physical properties of the association, domestic or foreign, of which he is a director. Such inspection by a director may be made in person or by agent or attorney, and the right of inspection includes the right to make extracts."

The association and its officers[1] have appealed from the whole of the judgment, which allows Diller, "so long as he is a director of said Association, at all reasonable times, upon three days' notice, either personally or by an agent designated in writing, to inspect and copy from all books, records and documents of every kind of said Association, in the presence of one person designated by the Board of Directors of Said Association; the times for such inspection to be mutually agreed upon by said person and petitioner; said right to inspect shall include the right of petitioner *to make extracts by photocopy,* at petitioner's expense, of all such documents, books and records, provided that such right to make extracts by photocopy shall not apply to the following documents: (1) audit reports or papers prepared by Federal or State agencies, (2) minutes of directors and shareholders meetings, (3) names, addresses and account balances of depositors, and (4) names, addresses and current balances of borrowers." (Italics ours.)

Diller cross-appeals from that portion of the judgment which contains exclusions (1), (2), (3) and (4).

The association concedes Diller's right to inspect all of its records and to make extracts therefrom. However, it denies that Diller is entitled to use photocopying as the *method* of making such extracts, stating its position as follows: "One danger of a photocopy is that it has the authentic look of the original. Observers would pay it more respect. A few words extracted in handwriting or on a typewriter would not be accorded this respect."

We think that the particular method to be used in making the extracts provided for in section 7615.5 of the Financial Code is a matter which is addressed to the sound discretion of the trial court. The court stated that "it would seem like

[1]Referred to herein collectively as "the association."

photocopy would be the most sensible, and easiest method." We find no abuse of discretion.

■ The main controversy centers about the meaning of the word "extracts" as used in the statute, i.e., "the right of inspection includes the right to make extracts." (§ 7615.5.)

The association asserts that it has the right to refuse to allow Diller to make *"full page* photocopies" and that he "should be restricted to fragments of sentences, as it were, and not to fragments of volumes as the Judgment for Writ of Mandate in this action provides." (Italics ours.)

It is the association's contention that "extract" means "a few words of a sentence, paragraph or page, handwritten or typewritten by a director or his authorized agent."

We do not believe that the statute is intended to be so restrictive. For example, even though a financial statement or a resolution of the board of directors takes up one full page or more of the associations's records, it is inconceivable to us that a director would not be entitled to a complete copy of such statement or resolution.

We think that the word "extracts," as used in section 7615.5 of the Financial Code, applies to *everything* in the records of a savings and loan association which a director thereof is entitled to inspect under the provisions of said section.

As to his cross-appeal, Diller has stipulated that he does not need to photocopy the records referred to in exclusions (2) and (4) of the judgment. However, he does insist on the right to photocopy the records referred to in exclusions (1) and (3).

■ It should be noted that the judgment only withholds from Diller the right to make extracts of these particular records by *photocopy.* The association admits that there are other methods of copying to which it could not object.

Without going into the arguments pro and con as to why some method other than photocopy should be used as to those records pertaining to exclusions (1) and (3), we again hold that this is largely a matter of discretion with the trial court and we find no abuse of such discretion in the instant situation. The ultimate objective of the statutory provision is accomplished when the director obtains the extracts in question, regardless of the method used in doing so.

■ The trial court found on substantial evidence that Diller had been refused the right "to examine, inspect, copy from and make copies of some of the books and records" of

the association. It also found that such refusal had included the making of photocopies. However, the association states that by the time of the trial it had accorded to Diller all inspection privileges requested by him *except* the right to make photocopies.

From this, the association argues that there was no necessity for the trial court to order the issuance of a writ of mandate since there was then ''no present duty because there was no present violation of any obligation to plaintiff [Diller].''

A sufficient answer to this argument is that the judgment determined that it was the duty and the obligation of the association to allow the use of photocopy to the extent stated therein and it is conceded by the association that it will comply with such duty only under legal compulsion. We also have in mind the stand taken by the association with respect to what constitutes an extract.

However, there is nothing in the record which would indicate that the association will not in the future comply with the law as established on this appeal. This is not a situation where the association has adopted a fixed policy. (Cf. *International Assn. of Fire Fighters* v. *City of Palo Alto,* 60 Cal.2d 295, 299-300 [32 Cal.Rptr. 842, 384 P.2d 170].)

The general rule is that mandamus will not issue to compel the performance of future acts or for the mere anticipated or possible refusal to perform a future duty. (*McMullen* v. *Glenn-Colusa Irr. Dist.,* 17 Cal.App.2d 696, 699 [62 P.2d 1083]; *Northridge etc. Water Dist.* v. *McDonell,* 158 Cal.App.2d 123, 127 [322 P.2d 25].)

The writ ordered to be issued herein should be directed to only one present inspection by Diller and should not by its terms be extended to inspections which may be requested in the future by Diller.

It is ordered that the following portion of the judgment be modified by deleting therefrom the words which are enclosed in parentheses and inserting in place thereof the words which are italicized: ''IT IS HEREBY ORDERED that a peremptory Writ of Mandate in due form be issued requiring respondents, Mountain View Savings and Loan Association, E. B. Flynn, Jr., E. B. Flynn, Sr., and Thomas L. Branham to allow petitioner, Sanford N. Diller, (so long as he is) *as* a director of said Association, at (all reasonable times) *a reasonable time,* upon three days' notice, either personally or by an agent designated in writing, to inspect and

copy from all books, records and documents of every kind of said Association, in the presence of one person designated by the Board of Directors of Said Association; the (times) *time* for such inspection to be mutually agreed upon by said person and petitioner;'' etc.

As so modified, the judgment is affirmed. Petitioner (Diller) to recover costs on appeal.

Shoemaker, P. J., and Taylor, J., concurred.