[Civ. No. 31867    Second Dist., Div. Four.    Sept. 19, 1968.]

WILLIAM WARD MELLINGER, JR., Plaintiff and Appellant, v. THE MUNICIPAL COURT FOR THE VENTURA COUNTY JUDICIAL DISTRICT OF VENTURA COUNTY, Defendant and Respondent; THE PEOPLE, Real Party in Interest and Respondent.

Andrew J. Marsh for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Woodruff J. Deem, District Attorney, Ronald H. Gill and Frank G. Tiesen, Deputy District Attorneys, for Real Party in Interest.

BISHOP, J. pro tem.*—Petitioner sought by this proceeding, to obtain a peremptory writ of prohibition, one that would put an end to further prosecution of the misdemeanor charge pending against him in the respondent court. An alter-

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

native writ of prohibition was issued, and brought the proceedings to a hearing. The hearing ended in a judgment that the alternative writ be discharged and that the petition for a peremptory writ be denied. On petitioner's appeal from this adverse judgment we find ourselves required to reverse the judgment, because of the absence of necessary findings.

Petitioner's notice of appeal stated that he appealed "from the judgment or order entered . . . on April 18, 1967. . . ." From this we had no difficulty in identifying that from which the appeal was taken. It was the concluding sentence in the memorandum which the trial judge signed and filed in support of his decision that the peremptory writ sought by the petitioner should not issue. ██ The sentence is not a long one: "The clerk is directed to enter a minute order denying the requested peremptory writ of prohibition and discharging the alternative writ."

We refer to this directive to the clerk as a "judgment" rather than "order" because of the terms of section 1064 Code of Civil Procedure: "A judgment in a special proceeding is the final determination of the rights of the parties therein." The trial court's words plainly state its final determination of the rights of the parties in this proceeding; no further judicial act was contemplated and that one was effective from the moment the memorandum, in which it appeared, was signed and filed. (*Maxwell* v. *Perkins* (1953) 116 Cal. App.2d 752 [255 P.2d 10].)

██ Obviously the term "final determination" as used in section 1064 does not foreclose the possibility of an appeal from the judgment which voices that final determination, with the consequent possibility that it will not remain final. An appeal was taken in this proceeding, as already noted, and it disclosed a grievous error that is fatal to the judgment. It cannot be held, however, that because, on an appeal, it appears that there is a good ground for taking it, that there was no judgment from which the appeal could be taken.

From the record on this appeal it appears that this proceeding began March 7, 1967, with the filing of a petition for "writs of prohibition, mandate and habeas corpus." The trial court responded to it by immediately issuing an alternative writ of prohibition and order to show cause. After some continuances, and stipulation amending the petition, a hearing was had on March 31, 1967. We quote some of the passages in the reporter's transcript of that day's events:

"[T]he parties do stipulate at this time that the Court may have before it all of the records of the Municipal Court in this matter. . . .

". . . we would then indicate to the Court which of the items in the petition we disagree with, . . ."

"[T]he easiest way to handle this, your Honor, would be for the Court to bracket the items in the petition that the People deny. . . ." [This by counsel for respondent.]

"Now, starting with Paragraph 3, however, there will be matters that are denied and I will indicate those only to the Court."

Some seven passages in the petition appear "bracketed" to indicate allegations denied by the respondent in this proceeding.

Counsel for the petitioner was sworn and testified, as reported in four pages of the transcript, followed by many partial pages of cross-examination. Two further witnesses were called and testified at some length. Then we find this exchange of ideas at the conclusion of the hearing:

"THE COURT: Regardless of how it is decided. I don't know whether you want findings of fact and conclusions of law on that sort of thing.

"[Counsel for petitioner:] If I find any authority for or against it or if it seems to me that it might be well to have them. . . .

"THE COURT: All right, we can get back together and I can announce my ruling and you can decide whether you want findings."

The matter was then taken under submission and on April 18 the trial judge filed an extensive memorandum in which he covered rather thoroughly the issues in the proceeding, indicating his view on the several issues of fact. The memorandum did not call for the preparation of findings, but, as already noted, it concluded with this sentence:

"The clerk is directed to enter a minute order denying the requested peremptory writ of prohibition and discharging the alternative writ." ██ Quite plainly, there was no waiver of written findings, within the permission of section 632 Code of Civil Procedure, and as plainly there were none prepared and filed, as directed by section 634 of that code.

██ In the briefs of the parties, filed on this appeal, no one made a point of the absence of findings; and in none of them was there a citation, nor has our research discovered one, declaring that findings are or are not required in a *prohibi-*

*tion proceeding,* such as ours. We find, however, that it is held that proceedings in *mandamus* require findings and we are convinced that, the code sections covering *prohibition* can be interpreted no differently.

We find the matter succinctly covered in *Lassen* v. *City of Alameda* (1957) 150 Cal.App.2d 44, 48 [309 P.2d 520, 522]: ". . . when a question of fact is raised by a mandamus proceeding, findings of fact are required unless waived by the parties (Code of Civ. Proc. § 1109 ; . . .). . . . In view of the fact that findings were required in this case and were not made, the order is not final and hence not appealable. Appeal dismissed."

Section 1109, referred to, reads: "Except as otherwise provided in this title, the provisions of part two of this code are applicable to and constitute the rules of practice in the proceedings mentioned in this title." The "proceedings mentioned in this title" are writ of review, mandamus and prohibition. "Part two of this code" includes sections 307-1062. Included, therefore, in the sections expressly made applicable to proceedings in prohibition we find section 632, with its requirement of written findings of fact and conclusions of law. (See the rationale of *Delany* v. *Toomey* (1952) 111 Cal. App.2d 570, 571-572 [245 P.2d 26, 27], cited in *Lassen* v. *City of Alameda, supra.*)

Being convinced that it was error to enter the judgment from which this appeal was taken without first filing findings, we are called upon to make a choice: ▮▮▮ Shall we dismiss the appeal or reverse the judgment? The concluding words of *Lassen* v. *City of Alameda, supra,* are: "In view of the fact that findings were required in this case and were not made, the order is not final and hence not appealable. . . ." In *Estate of Hewitt* (1958) 160 Cal.App.2d 584, 586-587 [325 P.2d 113, 114], we are told: "There is substantial authority that appeals prematurely taken from orders not appealable because not final should be dismissed. [Citations.]" This statement is followed, however, by a further one:

"There are also several well-reasoned cases holding that since a dismissal is in legal effect an affirmance, the proper procedure is to reverse, even though the order is unsupported by findings. In *Petroleum Midway Co.* v. *Zahn,* 62 Cal.App.2d 645 [145 P.2d 371], a judgment, unsupported by findings, was entered and an appeal taken, in a case requiring findings. The court discussed the problem at some length and came to the conclusion that in such cases, although the appeal is prema-

ture, the judgment or order appealed from should be reversed rather than dismissed. The court in the *Zahn* case first pointed out that as in the instant case no subsequent judgment supported by findings has been entered, and then stated (p. 652) : ' "The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from." (Code Civ. Proc. § 955.) The only judgment in this case should be reversed, not affirmed by the dismissal of the appeal.' '' The court, in *Estate of Hewitt, supra,* concluded (p. 588) : "We are impressed by the reasoning in the *Zahn* case, *supra,* and the other cases holding that the proper procedure is to reverse."

The latest consideration of the problem that has come to our attention is *Adohr Milk Farms, Inc.* v. *Love* (1967) 255 Cal. App.2d 366 [63 Cal.Rptr. 123, 127], where we are told : ". . . under the current rule on an appeal from a void but appealable order, the 'proper procedure' is to reverse the order. [Citing cases.] ''

As already indicated, we have determined that the "judgment or order entered April 18, 1967" was a void but appealable order, and that an appeal was taken from it. We take advantage of that appeal to reverse that judgment and so order.

Judgment is reversed.

Files, P. J., and Jefferson, J., concurred.