[Civ. No. 33438.   Second Dist., Div. One.   Dec. 24, 1968.]

Estate of JOHN EARL SHAFFER, Deceased. MERLE B. SHAFFER, as Conservator, etc., Petitioner and Respondent, v. EDNA NASTOS, as Executrix, etc., Objector and Appellant.

Doane Brakemeyer for Objector and Appellant.

Morse, Cosgrove, Michelizzi & Schwabacher and Leonard A. Cosgrove for Petitioner and Respondent.

WOOD, P. J.—This is an appeal by the executrix of the will of John Earl Shaffer, deceased, from a minute order

granting family allowance of $275 a month to the conservator of the person and estate of Etta D. Shaffer, the widow of the deceased.

Appellant contends that the order was invalid in that no evidence was presented at the hearing of the petition for family allowance; and that the order "did not include therein the Findings upon which the decision of the trial court was based."

Appellant argues that an order granting family allowance in a contested proceeding must be supported by findings of fact, and that such order will be reversed if the court has not made findings of fact. (Citing, inter alia, Prob. Code, § 1230; *Estate of Pendell*, 216 Cal. 384, 485 [14 P.2d 506]; *Estate of Baird*, 59 Cal.App.2d 303, 305 [138 P.2d 698].) She further argues that in the present case the court rendered its decision by a minute order "without further hearing or proceedings having been had" and that the order "did not include therein the Findings upon which the decision of the trial court was based." As previously stated, the executrix appealed from the minute order and she did not request findings or further proceedings in the trial court.

In the present case, the executrix filed objections to the petition for family allowance alleging in effect that the widow was not entitled to a family allowance in that she had received joint tenancy property (in specified amounts) and that there was no cash in the estate. After a hearing on the petition and objections, the court made a minute order which provides as follows: "In this matter heretofore submitted on January 16, 1968, the court now renders its decision and orders as follows: Family allowance is granted in the sum of $275.00 per month commencing from the date of death, August 29, 1967, and continuing until further order of court."

The order does not state whether findings or a formal order were contemplated, and does not contain recitals with reference to the hearing. "It is settled that where findings are essential there is no rendition of final judgment until findings are signed and filed." (*Trubowitch* v. *Riverbank Canning Co.*, 30 Cal.2d 335, 347 [182 P.2d 182].) It has also been said that "difficulty still remains in determining whether the minute order which says nothing about the fact that a formal order or judgment is contemplated is in itself an appealable minute order, or whether it is preliminary to a judgment which requires findings to become operative. If it is the latter,

it is not appealable, since a judgment requiring findings is not appealable until entered in the judgment book.'' (3 Cal.Jur. 2d Appeal and Error, § 53, pp. 485-486; see Rules on Appeal, rule 2(b) (2); *Estate of Dwyer*, 168 Cal.App.2d 264, 266 [355 P.2d 718]. wherein an attempted appeal from a ''skeleton minute order,'' which omitted essential portions of a valid minute order. was dismissed; *Lassen* v. *City of Alameda*, 150 Cal.App.2d 44, 48 [309 P.2d 520], where an appeal from a minute order which lacked a requisite of a final judgment [findings of fact] was dismissed; *Estate of Mills*, 111 Cal. App.2d 83, 83-84 [243 P.2d 889], wherein it is said: ''It is settled that under rule 2 (b) (2) even though there is no direction in the minute order for the preparation of a written order if the minute order omits any essential portion of a valid order, such as findings when necessary, the minute order is not the appealable order''; *Delany* v. *Toomey*, 111 Cal. App.2d 570, 574 [245 P.2d 26], wherein it was said. that a minute order which lacked one of the requisites [required findings of fact] of a final judgment was not an appealable order.)

It thus appears that findings were required. As previously stated, the order was made after a contested hearing of the issues joined by the petition and objections. Section 1230 of the Probate Code provides that all issues of fact joined in probate proceedings must be tried in conformity with the requirements of the rules of practice in civil actions. (See Code Civ. Proc., § 632; 2 Witkin, Cal. Procedure (1954) § 103, p. 1833.) Since the court did not make findings herein, the minute order was not an appealable order.

The appeal from the minute order is dismissed.

Fourt, J., and Lillie, J., concurred.