[Civ. No. 1095. Fifth Dist. Nov. 19, 1969.]

CHARLES R. DAGGS, Plaintiff and Appellant, v.
PERSONNEL COMMISSION OF THE CITY OF MODESTO et al.,
Defendants and Respondents.

**COUNSEL**

E. Paul Fulfer for Plaintiff and Appellant.

Elwin L. Johnson, City Attorney, and Frank C. Damrell, Jr., Assistant City Attorney, for Defendants and Respondents.

## Opinion

**GARGANO, Acting P. J.**—The chronology of events in this litigation which centers around the demotion of a police officer is this: On February 24, 1966, Charles R. Daggs, a sergeant of the Modesto city police force, was demoted to the rank of patrolman by the city manager; he was demoted upon the recommendation of the chief of police, Robert L. Meester. Two disciplinary reasons were given. The first was that the appraisal reports, incident reports and reprimands contained in Daggs' personnel file indicated that he did not possess the degree of judgment and reliability necessary to perform the duties of a supervisory officer. The second was that the sergeant took certain personal property belonging to one Sandra Atwood, and gave the property to a subordinate officer to be destroyed.

On March 29, 1967, the Personnel Commission of the City of Modesto, at Daggs' request, held a hearing on his demotion. The main evidence presented against the employee at this hearing was supplied through his personnel file and the testimony of Chief Meester. The chief testified that he thoroughly reviewed Sergeant Daggs' personnel file before he recommended the demotion, and was of the opinion that Daggs did not possess the degree of judgment and reliability necessary to perform the duties of a supervisory officer. He also said that when he interviewed Daggs prior to the demotion, Daggs admitted the Sandra Atwood incident. It seems that certain papers were found in Miss Atwood's purse after she was arrested, suggesting that she and an Officer Sauls had engaged in a sexual relationship while she was a minor. Daggs gained possession of the purse and removed all documents in which Sauls' name appeared. He gave the documents to Sauls and advised the officer to destroy them.

At the conclusion of the hearing, the personnel commission found that Daggs' ability to perform the required duties of sergeant had fallen below acceptable standards; that he took personal property belonging to a citizen and turned it over to a subordinate officer to be destroyed; and that the sergeant acquired information suggesting possible misconduct on the part of a subordinate officer, but instead of reporting this information through the normal channel of command wilfully suppressed it in violation of police regulations. The commission affirmed Daggs' demotion.

On May 31, 1967, Daggs petitioned the Superior Court of Stanislaus County for a writ of mandate to compel the city manager and the Personnel Commission of the City of Modesto to reinstate him to the rank of sergeant. The petition as amended was founded on two separate grounds. The first ground was that the evidence was insufficient to justify the decision of the personnel commission. The second was that petitioner had additional

"relevant evidence which in the exercise of reasonable diligence could not have been produced at the hearing;" the additional evidence consisted of further testimony of Chief of Police Meester.

On January 3, 1968, the superior court held a hearing on Daggs' petition. At the hearing respondents objected to any further testimony by Chief Meester on the ground that it did not qualify as new evidence. Then, Daggs' counsel informed the court that if allowed to testify Meester would state that his recommendation to demote Daggs was based on reports prepared by his staff, that the contents of the reports were biased and prejudiced, that he would not have recommended the demotion had he been aware of the staff's hostility toward Daggs, and that he had never observed anything derogatory in Daggs' attitude and behavior.[1] However, the court sustained respondents' objection, and ruled the testimony inadmissible and insufficient to warrant a new hearing. The court also ruled that the decision of the personnel commission was supported by substantial evidence, and denied Daggs' petition. This appeal followed.

 Significantly, appellant, in this appeal at least, does not assert that the decision of the personnel commission upholding his reduction in rank was not supported by substantial evidence, nor does he challenge the trial court's ruling in this respect. On the contrary, appellant's sole contention for reversal is that the trial judge abused his discretion when he sustained respondents' objection to any further testimony by Chief Robert L. Meester, and then rejected the proffered evidence. He argues that the court should have at least remanded the question of appellant's demotion to the commission for reconsideration in light of the "new evidence."

---

[1] The trial judge ably and succincitly summarized petitioner's offer of proof as follows:

"THE COURT: He [Meester] will testify that, one, from the time that he came here. his staff members had constantly maintained a hostile attitude toward Mr. Daggs.

MR. FULFER: Yes.

THE COURT: Second, that the reports on Daggs from the staff were of a derogatory nature.

MR. FULFER: Right.

THE COURT: Third, that they were so hostile that they attacked Daggs personally and over minute things.

Fourth, that at the time he testified before the Commission, that is Mr. Meester, the recommendations that he made for demotion of Sergeant Daggs were based on the written reports of a staff which was biased and prejudiced.

Number five, that anything that he had observed personally as to Sergeant Daggs' operations, were not derogatory. His attitude and behavior.

Sixth, that on January 8, 1967, he himself told Sergeant Daggs that he was the strongest Sergeant on the force.

And seven, that he had—that had he then the knowledge he now has, the recommendation for demotion would not have been made."

Appellant's arguments are not convincing. First, appellant informed the trial judge that Chief Meester was prepared to testify that he based his recommendation to demote appellant solely on the reports prepared by his staff, and had he known of the staff's hostility toward appellant he would not have made the recommendation. However, appellant must have been aware of the staff's hostility at the time of the hearing, and he offered no explanation as to why his counsel did not explore into this hostility at that time. Moreover, appellant offered no evidence to prove that the allegedly biased reports were false. He merely offered Meester's unsupported opinion that his staff was prejudiced, and that they attacked appellant over minute matters. Manifestly, according to appellant's own offer of proof, his proffered evidence was not additional "relevant evidence which in the exercise of reasonable diligence could not have been produced at the hearing," as he alleged in his petition.

Secondly, Meester's proffered testimony to the effect that he based his recommendation to demote appellant solely on the staff reports and that he had no personal knowledge of anything derogatory against appellant, would have flatly contradicted his previous testimony before the personnel commission. Meester informed the commission that when he interviewed appellant, appellant admitted the Atwood incident. He also said that he was of the opinion that appellant should have been discharged but recommended a demotion because he had been on the force a long time and had the potential to be a good policeman. Thus, since appellant offered no independent evidence to substantiate Chief Meester's revised opinion, other than the chief's bald statement that the staff reports were biased and prejudiced, the trial court properly refused to grant appellant a new hearing before the personnel commission. ■ It has long been the rule that a new trial is not impelled by newly discovered evidence which is offered for impeachment purposes only (*Baron* v. *Sanger Motor Sales,* 249 Cal.App.2d 846, 859 [57 Cal.Rptr. 896]; *Dankert* v. *Lamb Finance Co.,* 146 Cal.App.2d 499, 502 [304 P.2d 199]). The same rule should be applicable to hearings before administrative boards and commissions.

■ Lastly, claims of newly discovered evidence are looked on with disfavor, and a new trial (or a new hearing) should not be ordered unless it is reasonably clear that the new evidence would probably produce a different result. (See *Cahill* v. *E. B. & A. L. Stone Co.,* 167 Cal. 126, 135 [138 P. 712].) ■ In the instant case, the basis for the commission's decision upholding appellant's demotion was not limited to the material contained in the staff's reports. Understandably, it was based also on appellant's reprehensible conduct in connection with Sandra Atwood's arrest. It is hardly likely that the personnel commission would have arrived at a different decision, even if the cause had been remanded by

the trial court, merely because the chief of police was suddenly of the opinion that his entire staff was biased against appellant.

We note in passing that no final judgment was entered in this case, and that appellant has appealed directly from the court's minute order denying his petition for a writ of mandate and discharging the alternative writ which the court had previously issued. Appellant's omission is not critical to the appeal. ■ It is settled that an order granting or denying relief in a mandamus proceeding is appealable, and that the appeal lies even though no final judgment was entered (*Steen* v. *Board of Civil Service Comrs.,* 26 Cal.2d 716, 727 [160 P.2d 816]; *Dunn* v. *Municipal Court,* 220 Cal.App. 2d 858, 863 [34 Cal.Rptr. 251]).

The decision denying appellant's petition for writ of mandate and discharging the alternative writ is affirmed.

Coakley, J., concurred.