[Civ. No. 12235. Fourth Dist., Div. Two. Dec. 13, 1972.]

DONALD K. HADLEY, Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
CITY OF ONTARIO et al., Real Parties in Interest.

## COUNSEL

Evans, Hobson & Plotkin and George P. Hobson, Jr., for Petitioner.

No appearance for Respondent.

Lynn W. Kloepfer for Real Parties in Interest.

## OPINION

KAUFMAN, J.—By this application for a writ of mandate, petitioner seeks to compel the San Bernardino Superior Court to render and enter judgment in action number CW-4738 pending in respondent court, which itself was a special proceeding, namely, a petition for writ of administrative mandamus. (Code Civ. Proc., § 1094.5.)

### Pertinent Facts

On January 20, 1969, petitioner filed in the court below a petition for writ of mandate to review actions of both the City of Ontario and the Board of Administration of the Public Employees Retirement System. The allegations of that petition may be summarized as follows. On January 16, 1965, petitioner was hired by the City of Ontario as a police officer and became a "local safety member" of the Public Employees Retirement System. On March 2, 1966, he sustained an injury to his back, left hip and left leg arising out of and occurring in the course of his employment by the City of Ontario as a policeman. His workmen's compensation claim was resolved by a stipulated award dated January 19, 1967, based on a permanent disability rating 20½ percent. In the meantime, petitioner had returned on May 10, 1966, to his regular duties as a police officer and continued to perform his regular duties until about January 26, 1967. On or about that date, as a result of some references in the medical reports submitted in the workmen's compensation proceedings to possible limitations on petitioner's ability to lift weights in excess of 75 pounds, petitioner was placed on light duty and suspended from his regular duties as a police officer. Further medical examinations and reports were had, the results of which for purposes of the present proceedings may be said to be conflicting. Petitioner asked to be reinstated to his regular duties as a police officer, which request was denied. After appeals to the city manager and the city council, resulting in two hearings before the city council, petitioner's request to be restored to his regular duties was denied and, ultimately, on January 11, 1968, petitioner was relieved of his classification as a police officer and transferred to the records and identification division as a clerk dispatcher, which position did not fall within the category of a safety employee. Petitioner refused to report for duty as a clerk dispatcher, and on January 16, 1968, he was suspended from further service. On or about January 18, 1968, petitioner made application to the Public Employees Retirement System for industrial disability retirement benefits. After appropriate proceedings, on August 14, 1968 a decision was rendered that petitioner was not eligible for industrial

disability retirement benefits provided for by section 21022 of the Government Code. Thereafter, through the appropriate chain of command, petitioner again sought reinstatement as a police officer by the City of Ontario, with negative results.

Pursuant to the petition for writ of mandate in the court below, on January 20, 1969, the superior court made an order for the issuance of the alternative writ, and an alternative writ was issued directed both to the City of Ontario and the Board of Administration of the Public Employees Retirement System. Both respondents filed demurrers. The demurrers of the Public Employees Retirement System were ultimately sustained and the alternative writ ordered discharged as to that respondent. The demurrers of the City of Ontario were overruled, and the city filed an answer. In due course, both an at-issue memorandum and certificate of readiness were filed and a trial date was assigned. After several continuances, a two-day trial was had of the matter on July 6 and 7, 1970. The only order or judgment made thereafter consists of a minute order dated July 8, 1970, signed by the court clerk which recites: "Petition for Writ of Mandamus having been heard and subsequently submitted, the Court now rules as follows: Petition is denied." The original minute order bears a stamp, "microfilmed and entered," and contains a certificate of the clerk that copies of the order were mailed to counsel of record on July 8, 1970.

Contending that no final judgment had been rendered or entered in the proceedings, on July 19, 1971, petitioner filed a motion for entry of judgment. Following a hearing on the motion, the motion was denied on August 6, 1971. The present petition for a writ of mandate was filed August 30, 1972, and this court issued the alternative writ.

### Contentions, Issues and Disposition

We are, of course, not concerned in this proceeding with the merits of the trial court's decision denying administrative mandamus. The question before us is whether the proceeding below has been properly terminated by the rendition and entry of a judgment. The answer is that it has not.

Real party in interest (City of Ontario, hereinafter City) contends that the minute order dated July 8, 1970, signed by the clerk and entered in the permanent minutes of the court, constitutes a final judgment. It cites rule 2(b)(2) of the California Rules of Court which provides: "The date of entry of an appealable order which is entered in the minutes shall be the date of its entry in the permanent minutes, unless such minute order as entered expressly directs that a written order be prepared, signed and

filed, in which case the date of entry shall be the date of filing of the signed order." For the proposition that the minute order of July 8, 1970, constituted an appealable order, the City relies on *Steen* v. *Board of Civil Service Commrs.*, 26 Cal.2d 716, 727 [160 P.2d 816]; *Daggs* v. *Personnel Commission*, 1 Cal.App.3d 925, 930 [82 Cal.Rptr. 157] and *Charles S.* v. *Board of Education*, 20 Cal.App.3d 83, 87 [97 Cal.Rptr. 422]. Although there is language in *Charles S.* v. *Board of Education, supra,* and *Daggs* v. *Personnel Commission, supra,* that, on first impression, appears to support the City's position, close analysis of the cited authorities together with a consideration of other pertinent statutes is persuasive that the City's position cannot be sustained.

In both *Charles S., supra,* and *Daggs, supra,* appeals were entertained from minute orders denying a petition for writ of mandate. In entertaining the appeal, the court in *Charles S.* relied entirely upon *Daggs.* (20 Cal.App. 3d at p. 87.) The court in *Daggs* stated: "We note in passing that no final judgment was entered in this case, and that appellant has appealed directly from the court's minute order denying his petition for a writ of mandate and discharging the alternative writ which the court had previously issued. Appellant's omission is not critical to the appeal. It is settled that an order granting or denying relief in a mandamus proceeding is appealable, and that the appeal lies even though no final judgment was entered (*Steen* v. *Board of Civil Service Comrs.* [*sic*], 26 Cal.2d 716, 727 [160 P.2d 816]; *Dunn* v. *Municipal Court,* 220 Cal.App.2d 858, 863 [34 Cal.Rptr. 251])." (1 Cal.App.3d at p. 930.)

 While the result in *Charles S.* and *Daggs* may conceivably be justified by the policy in favor of liberally construing notices of appeal so as to permit adjudication of appeals on their merits (see Cal. Rules of Court, rule 2(c) [dealing with premature notices of appeal]), neither *Steen* v. *Board of Civil Service Commrs., supra,* 26 Cal.2d 716 nor *Dunn* v. *Municipal Court, supra,* 220 Cal.App.2d 858 supports the proposition for which they were cited in *Daggs,* and certainly they do not stand for the proposition that a minute order signed by the clerk and entered in the minutes constitutes a final judgment in a proceeding for administrative mandamus *after the issuance of an alternative writ and trial on the merits.* In *Steen,* no alternative writ had been issued. On the contrary, the minute order appealed from denied issuance of the writ prior to the issuance of any alternative writ and without any evidentiary hearing. (26 Cal.2d at pp. 727-728; see *Delany* v. *Toomey,* 111 Cal.App.2d 570, 572 [245 P.2d 26].) The same is true of *Dunn* v. *Municipal Court.* (220 Cal.App.2d at pp. 865-866 [text and fns. 6 and 7].)

The fundamental flaw in the City's theory is disclosed by its reliance

upon rule 2(b)(2) of the California Rules of Court dealing with the date of entry of an appealable order. ■ An application for a writ of mandate or administrative mandamus is a "special proceeding" governed by the provisions of section 1063 et seq. of the Code of Civil Procedure including section 1109. Section 1109 provides: "Except as otherwise provided in this title [title 1 dealing with special proceedings], the provisions of part 2 of this code [Code of Civil Procedure commencing with section 307] are applicable to and constitute the rules of practice in the proceedings mentioned in this title." Once an alternative writ has issued and an evidentiary hearing been had, it is contemplated that the proceeding shall be terminated by a judgment, not by a minute order signed by the clerk. (See Code Civ. Proc., §§ 577, 664, 664.5, 1003, 1094.5, subd. (e), 1095.) The judgment should dispose of the alternative writ theretofore issued as well as the matter of costs. (See Cal. Administrative Mandamus (Cont. Ed. Bar 1966) p. 253.) In cases in which the trial court has determined a question of fact, the provisions of Code of Civil Procedure, section 632 and rule 232 of the California Rules of Court also apply. (Code Civ. Proc., § 1109, *supra; International Assn. of Fire Fighters* v. *City of Palo Alto,* 60 Cal.2d 295, 300-301 [32 Cal.Rptr. 842, 384 P.2d 170]; *Delany* v. *Toomey, supra,* 111 Cal.App.2d at pp. 571-572.)

We need not determine whether findings of fact and conclusions of law were required in the proceeding below for administrative mandamus,[1] because, even if such were required, it is apparent that petitioner has long since waived findings of fact and conclusions of law. ■ While

[1]Notwithstanding a possible conflict in case authority (see *Savelli* v. *Board of Medical Examiners,* 229 Cal.App.2d 124 [40 Cal.Rptr. 171]; but cf. *Beloin* v. *Blankenhorn,* 97 Cal.App.2d 662, 664 [218 P.2d 552]), it is said that whether or not findings of fact are required in a proceeding for administrative mandamus depends upon the scope of review to be exercised by the trial court in the particular proceeding. If the "substantial evidence test" applies, findings by the trial court are said not to be required; whereas, if the "independent judgment test" applies, findings are required. (Cal. Administrative Mandamus (Cont. Ed. Bar 1966) pp. 234-236, 251 [relying on *Savelli* v. *Board of Medical Examiners, supra*].) The role of the trial court in reviewing adjudicative decisions of administrative agencies has been the subject of recent reconsideration by the California Supreme Court. (See *Bixby* v. *Pierno,* 4 Cal.3d 130 [93 Cal.Rptr. 234, 481 P.2d 242].) In *Strumsky* v. *San Diego County Employees Retirement Assn.* (Cal.App.) 100 Cal.Rptr. 338, the Court of Appeal interpreted *Bixby* as requiring application of the "independent judgment test" to the decision of a local administrative agency affecting a vested, fundamental right, but the California Supreme Court granted hearing in *Strumsky* April 26, 1972, and the Supreme Court's decision has not yet been rendered. As late at May 10, 1972, the California Supreme Court reiterated the rule heretofore thought to be well settled that in reviewing decisions of a local administrative agency the "substantial evidence test" applies. (*Sunset Amusement Co.* v. *Board of Police Commissioners,* 7 Cal.3d 64, 76 [101 Cal.Rptr. 768, 496 P.2d 840].)

the minute order of July 8, 1970, announcing the court's decision to deny the petition for writ of mandamus did not constitute final judgment in the action, it did constitute a notice of the intended decision of the trial court (see Code Civ. Proc., § 632; Cal. Rules of Court, rule 232), and copies thereof were mailed to counsel on July 8, 1970 (see Code Civ. Proc., § 664.5). Petitioner did not request findings of fact and conclusions of law within 10 days nor at any time thereafter. Indeed, his motion for entry of judgment filed more than one year later on July 19, 1971, included no request for findings but merely requested entry of judgment. Accordingly, findings of fact and conclusions of law have been waived. (Code Civ. Proc., § 632; Cal. Rules of Court, rule 232.) ■ Nevertheless, as heretofore indicated, the proceedings below have not been concluded by a final judgment, and the petition for writ of mandate to compel rendition and entry of judgment must be granted.

In its return by way of verified answer (see Cal. Rules of Court, rule 56(c)), City asserts that petitioner is barred from obtaining the relief sought herein by laches in that his petition herein was not filed until August 30, 1972, more than two years after entry of the minute order on July 8, 1970. It is also alleged that the City has been prejudiced "in that its chief of police and other officers have retired and are no longer available for further proceedings in the case sought to be revived by appeal." This point is not further pursued by City in its return by citation of authority or argument, and it is therefore questionable whether we are required to consider it. (Cf. *Estate of Randall,* 194 Cal. 725, 728-729 [230 P. 445]; *Richard* v. *Richard,* 123 Cal.App.2d 900, 903 [267 P.2d 867].) In any event, the contention is not meritorious.

■ Although the defense of laches is generally available in mandamus proceedings (see 5 Witkin, Cal. Procedure (2d ed. 1971) pp. 3895-3898 and cases cited), establishment of the defense requires a showing of unreasonable delay accompanied by either acquiescence or prejudice. (*Conti* v. *Board of Civil Service Commissioners,* 1 Cal.3d 351, 359-360 [82 Cal. Rptr. 337, 461 P.2d 617].) Even if petitioner was guilty of unreasonable delay in seeking relief, neither his acquiescence nor the requisite prejudice to the City is shown. In the first place, the granting of a writ of mandate in this proceeding to compel the superior court to render and enter judgment will not necessarily result in renewed proceedings before the city council. Secondly, the retirement of the chief of police and other officers does not demonstrate their unavailability in the event such further proceedings are required. Third, and perhaps most important, the issue before the city council was the extent of petitioner's disability. The actions taken

by the City and its representatives are largely matters of written record, and resolution of the critical issue appears to have been made on the basis of the reports of the several physicians who examined petitioner. The question raised by the petition for administrative mandamus in the trial court was, according to the latest controlling authority, whether the implied findings of the city council were supported by substantial evidence. (*Sunset Amusement Co.* v. *Board of Police Commissioners,* 7 Cal.3d 64, 76 [101 Cal.Rptr. 768, 496 P.2d 840].) Under these circumstances the likelihood of prejudice to the City from an order compelling the trial court to render and enter judgment is remote. Furthermore, the City had it within its power at all times to cause a proper judgment to be entered.

Let a peremptory writ of mandate issue, requiring respondent court to render and enter judgment in the proceeding pending before it numbered CW-4738 entitled "DONALD K. HADLEY v. CITY OF ONTARIO, Et Al." The alternative writ of mandate heretofore issued by this court is discharged.

Tamura, Acting P. J., and Kerrigan, J., concurred.