[No. B038098. Second Dist., Div. Five. Aug. 8, 1989.)

PAMELA RAGAN, Plaintiff and Appellant, v.
CITY OF HAWTHORNE, Defendant and Respondent.

**COUNSEL**

Lewis, Marenstein & Kadar and Thomas J. Wicke for Plaintiff and Appellant.

Adams, Duque & Hazeltine, Richard R. Terzian, Margaret L. Oldendorf and Remy Kessler for Defendant and Respondent.

## OPINION

ASHBY, J.—Appellant Pamela Ragan was formerly employed as a police officer for respondent City of Hawthorne (City). She applied for an industrial disability pension. Without giving appellant an evidentiary hearing, respondent's city manager denied appellant's application for a pension. Three years later, appellant petitioned the superior court for a writ of mandate (Code Civ. Proc., § 1085) to compel the city manager to conduct an evidentiary hearing, as required by law, on the issue of disability. The trial court denied the petition on the ground it was untimely. The trial court ruled that the petition was governed by the 30-day statute of limitations (Gov. Code, § 11523) for judicial review of administrative adjudication under the Administrative Procedure Act (APA) (Gov. Code, § 11370) and, alternatively, that the petition was barred by laches.

We reverse. Government Code section 11523 is not applicable to appellant's circumstances, because that statute contemplates judicial review after an agency has conducted an adjudicatory hearing pursuant to the APA. Here the City has steadfastly refused to give appellant a hearing, and this is an action in ordinary mandamus to compel the City to provide a hearing required by law. Appellant satisfied the statute of limitations which we find to be applicable to her case, which is three years for a liability created by statute. (Code Civ. Proc., § 338, subd. (a).) Furthermore, although a petition for writ of mandate can be denied on the equitable ground of laches, even if filed within the applicable statute of limitations, an essential element of laches is prejudice to the defendant. Finding no substantial evidence of prejudice to respondent in this case, we reverse with directions to grant the petition.

### BACKGROUND

The legal issues in this case require a brief review of the pension system of which appellant is a member and the rights to which she is entitled. Under the Public Employees' Retirement Law (Gov. Code, § 20000 et seq.), the City of Hawthorne by contract with the state Public Employees' Retirement System (PERS), has made its public safety employees members of PERS. (Gov. Code, § 20450.) The contract subjects the City as contracting agency and its employees "to all provisions of this part." (Gov. Code, § 20493.) Under PERS a local safety member incapacitated for the performance of

duty as a result of an industrial disability shall be retired for disability. (Gov. Code, § 21022.)

Although the application for industrial disability pension is formally submitted to the governing board of PERS, the determination whether a local safety member is incapacitated for the performance of duties is delegated to the governing body of the contracting agency, which then certifies its determination to PERS. (Gov. Code, §§ 21024, 21025.) As authorized by Government Code section 21034, the city council as governing body of the City of Hawthorne has delegated its authority in this determination to the city manager.

Although Government Code sections 21024 and 21025 did not expressly specify the procedures by which the local contracting agency would make its determination, *Reynolds* v. *City of San Carlos* (1981) 126 Cal.App.3d 208, 219 [178 Cal.Rptr. 636] suggested as early as 1981 that the contracting agency would be governed by the APA. In July 1985, it was expressly so held in *Garner* v. *City of Riverside* (1985) 170 Cal.App.3d 510, 515-517 [216 Cal.Rptr. 486]. In *Watkins* v. *City of Santa Ana* (1987) 189 Cal.App.3d 393, 396-397 [234 Cal.Rptr. 406], the court summarized that the employee "had a fundamental vested right to disability retirement benefits if, in fact, he was disabled. The city's decision on that threshold question substantially affects that right. Therefore, a hearing is contemplated, indeed required, by the Administrative Procedure Act. Since PERS is expressly governed by that statutory scheme, the city, as the statutory delegate of PERS when determining whether a police officer is disabled, is likewise governed by those sections. It must therefore hold an evidentiary hearing to determine whether Watkins is capable of performing his duties." (Citations omitted.)

## FACTS

Appellant was employed by respondent as a police officer from October 1980 to May 1984. In April 1985, appellant submitted her application for disability retirement to PERS. PERS requested respondent to determine whether appellant was disabled. Without giving appellant an evidentiary hearing, the city manager wrote to PERS on June 6, 1985, that "[p]ursuant to the authority delegated to me . . . and after review of medical and other evidence relevant thereto, I hereby determine that Pamela Ragan, . . . is not incapacitated within the meaning of the Public Employees' Retirement Law for the performance of her duties in the position of police officer. Accordingly, the application is denied." A carbon copy of this letter was sent to appellant personally. On July 15, 1985, PERS wrote to appellant personally that "[i]n accordance with the determination of City of Hawthorne, the application for your disability retirement is denied." Neither of

these letters discussed any procedures or time limits for appeal, reconsideration or review of the decision.

Although the application for pension had been sent to PERS with a cover letter from appellant's attorney, there is no evidence that the City or PERS notified the attorney in 1985 of the denial. On May 27, 1986, appellant's attorney wrote to the City inquiring about the status of the retirement application. The City replied to the attorney on June 6, 1986, that the retirement application "was handled in a timely manner," enclosing copies of the correspondence between the City and PERS. On June 18, 1986, appellant's attorney wrote to the City, requesting that the matter be set for a hearing pursuant to the Government Code as quickly as possible. The City replied on June 30, 1986 that "[a]s far as the City is concerned, Ms. Ragan's application for retirement was resolved in 1985. Since there was no timely appeal, it is a closed matter."

Appellant's attorney wrote back to the City on October 30, 1986, specifically citing *Reynolds* v. *City of San Carlos, supra,* 126 Cal.App.3d 208, 219, *Garner* v. *City of Riverside, supra,* 170 Cal.App.3d 510, 517, and *Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28 [112 Cal.Rptr. 805, 520 P.2d 29], for the proposition that appellant was entitled to a hearing under the APA or under due process.

In December 1986, the City referred the matter to legal counsel. Appellant's attorney again requested that the City give appellant a hearing in order to avoid the filing for a writ in superior court. In February 1987 legal counsel for the City replied that "we consider this to be a closed matter." Appellant's attorney wrote one more letter in April 1987, stating "the City has not met its most minimal due process obligations in this regard. Why doesn't your client just go ahead and have a retirement [hearing] as it should rather than force Ms. Ragan to go through the costs and time of having to file a Writ before the Superior Court?" The record does not indicate any additional reply from the City.

DISCUSSION

*Statute of Limitations*

■ The trial court erred in holding the 30-day statute of limitations in Government Code section 11523 to be applicable to appellant's present circumstances. The language of section 11523, and its placement in the chapter of the APA involving adjudicatory hearings (Gov. Code, § 11500 et seq.) show that it was intended to apply to petitions seeking judicial review after an agency has held a formal hearing in compliance with the APA.

That stage has not yet been reached in this case. Appellant is here seeking to compel the City to conduct such a hearing. By its own terms, section 11523 is not applicable at this stage of the case.

Section 11523 appears near the end of the chapter, commencing with Government Code section 11500, on adjudicatory hearings by agencies which are subject to the APA. Such hearings are defined in section 11500, subdivision (f) to include testimony under oath, the right of cross-examination and confrontation of witnesses, the right to representation, and the issuance of a formal decision. That chapter specifies in great detail the procedural requirements for hearings. (See, e.g., notice of hearing (§ 11509), subpoenas and attendance of witnesses (§ 11510), hearing officers (§ 11512), reporter (*ibid.*), evidence and examination of witnesses (§ 11513), decision in writing containing findings of fact (§§ 11517, 11518), and reconsideration (§ 11521).)

Government Code section 11523 itself provides in pertinent part, "Judicial *review* may be had by filing a petition for a writ of mandate in accordance with the provisions of the Code of Civil Procedure . . . . Except as otherwise provided in this section any such petition shall be filed within 30 days after the last day on which reconsideration can be ordered . . . . The complete record of the proceedings, or such parts thereof as are designated by the petitioner, shall be prepared by the agency . . . . *The complete record includes the pleadings, all notices and orders issued by the agency, any proposed decision by a hearing officer, the final decision, a transcript of all proceedings, the exhibits admitted or rejected, the written evidence and any other papers in the case.*" (Italics added.)

Here appellant is not seeking to review a hearing but to compel one, and there is no administrative record to review.

Respondent misplaces reliance upon that portion of *Garner* v. *City of Riverside, supra,* 170 Cal.App.3d 510, which held the employee's action was barred by section 11523. The procedural context in *Garner* was different. In the *Garner* case, the employee had *previously* obtained from a trial court the type of writ of mandate appellant is still seeking in the instant case. In compliance with the previous writ, the City of Riverside had conducted a formal hearing and issued findings. (*Id.* at p. 513.) Mr. Garner then waited 10 months after the issuance of findings to file a petition for writ of administrative mandamus alleging that the findings were not supported by the weight of the evidence. (*Ibid.*) In those circumstances Government Code section 11523 applied, and the petition filed after 10 months was properly held barred by the 30-day limit in section 11523. (*Id.* at p. 517.) In appellant's case, on the other hand, section 11523 has no logical application by its

own terms, since there has never been a hearing of the type contemplated by the APA.

■ The statute of limitations applicable to a writ of mandamus under Code of Civil Procedure section 1085 depends upon the nature of the obligation sought to be enforced. (*Green* v. *Obledo* (1981) 29 Cal.3d 126, 141, fn. 10 [172 Cal.Rptr. 206, 624 P.2d 256].) Since Government Code section 11523 does not by its terms apply, we must determine what different statute of limitations applies. (*Allen* v. *Humboldt County Board of Supervisors* (1963) 220 Cal.App.2d 877, 882-885 [34 Cal.Rptr. 232]; *Aroney* v. *California Horse Racing Bd.* (1983) 145 Cal.App.3d 928 [193 Cal.Rptr. 708].) Here appellant seeks to enforce her statutory right to a pension and her right to a hearing, which is also mandated by statute, either because the City as a delegate of PERS is subject to the APA (*Garner* v. *City of Riverside, supra,* 170 Cal.App.3d at pp. 516-517), or because her pension could not be denied by the City without constitutional due process. (*Watkins* v. *City of Santa Ana, supra,* 189 Cal.App.3d at pp. 396-397.) The applicable statute of limitations is therefore three years for "[a]n action upon a liability created by statute." (Code Civ. Proc., § 338, subd. (a); see *Pearson* v. *County of Los Angeles* (1957) 49 Cal.2d 523, 540 [319 P.2d 624]; *Dillon* v. *Board of Pension Commrs.* (1941) 18 Cal.2d 427, 430-431 [116 P.2d 37, 136 A.L.R. 800]; *Pena* v. *City of Los Angeles* (1970) 8 Cal.App.3d 257, 262 [87 Cal.Rptr. 326]; *Pasquinelli* v. *State of California* (1975) 45 Cal.App.3d 457, 461 [119 Cal.Rptr. 438]; *Fenske* v. *Board of Administration* (1980) 103 Cal.App.3d 590, 594 [163 Cal.Rptr. 182]; *Aroney* v. *California Horse Racing Bd., supra,* 145 Cal.App.3d at p. 931.) Since appellant filed her petition within three years of denial of her pension, she satisfied the applicable statute of limitations.

We reject respondent's contention that the applicable statute of limitations, if not Government Code section 11523, should be one year "for injury . . . caused by the wrongful act or neglect of another." (Code Civ. Proc., § 340, subd. (3).) Respondent relies upon the rule that in actions under the federal Civil Rights Act, 42 United States Code section 1983, the courts apply a state's statute of limitations for personal injury. (*Wilson* v. *Garcia* (1985) 471 U.S. 261 [85 L.Ed.2d 254, 105 S.Ct. 1938]; see also *Owens* v. *Okure* (1989) 488 U.S. 235 [102 L.Ed.2d 594, 109 S.Ct. 573].) Respondent attempts to recharacterize appellant's action as a "due process" case which respondent contends should be treated like a federal civil rights case.

Respondent is not entitled to recast appellant's petition to obtain a shorter statute of limitations. Appellant did not file this action under 42 United States Code section 1983 and had no reason to look to the federal Civil Rights Act to determine when to file. Appellant's action is primarily based

on statutory obligations under the Public Employees' Retirement Law and the APA.

LACHES

■ The trial court cited laches as an alternative basis for denying appellant's petition. The equitable defense of laches may be raised to deny a petition for a writ of mandate even though the applicable statute of limitations has been satisfied. (*Conti* v. *Board of Civil Service Commissioners* (1969) 1 Cal.3d 351, 357, fn. 3 [82 Cal.Rptr. 337, 461 P.2d 617]; *Hadley* v. *Superior Court* (1972) 29 Cal.App.3d 389, 395 [105 Cal.Rptr. 500].)

However, unreasonable delay by the plaintiff is not sufficient to establish laches.[1] There must *also* be prejudice to the defendant resulting from the delay or acquiescence by the plaintiff. Prejudice is not presumed, it must be affirmatively demonstrated. (*Miller* v. *Eisenhower Medical Center* (1980) 27 Cal.3d 614, 624-626 [166 Cal.Rptr. 826, 614 P.2d 258]; *Conti* v. *Board of Civil Service Commissioners, supra,* 1 Cal.3d at pp. 358-362; *Hadley* v. *Superior Court, supra,* 29 Cal.App.3d at pp. 395-396.)

In this case there is no substantial evidence of prejudice to respondent from the delay. In the trial court respondent relied wholly on the 30-day statute of limitations, and made no claim of prejudice. Laches was raised by the trial court on its own motion. The court complained that the appellant sat on her rights after being told that the City considered the matter closed, but the court suggested no facts establishing that the City was prejudiced by the delay. Much of the evidence to be produced at the hearing is likely to be written medical reports which were in existence at the time, especially since appellant and respondent were concurrently involved in workers' compensation proceedings. (*Hadley* v. *Superior Court, supra,* 29 Cal.App.3d at pp. 395-396.)

The judgment denying the petition for writ of mandate is reversed. The trial court is directed to issue a writ of mandate compelling the City to hold

---

[1] Actually, much of the three-year delay is readily explainable. The letters from the City and PERS in June and July of 1985 were addressed to appellant personally and not sent to her attorney, and these letters did not contain any information about procedures for appeal, reconsideration, judicial review or time limits. When appellant's attorney did learn, one year later, that the retirement application had been denied, he immediately requested a hearing and spent several months in negotiations pointing out the City's legal obligations and attempting to resolve the matter without the necessity to file a court action to compel the City to hold the hearing.

an evidentiary hearing on petitioner's retirement pension application. Costs on appeal are awarded to appellant.

Lucas, P. J., and Boren, J., concurred.