Filed 2/22/16

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CHUNG KAO, | D067519 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2014-00013010-CU-WM-CTL) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County,

Timothy B. Taylor, Judge.  Reversed.

Chung Kao, in pro. per., for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Jennifer A. Neill, Assistant Attorney

General, Phillip J. Lindsay and Gregory J. Marcot, Deputy Attorneys General, for

Defendant and Respondent.

INTRODUCTION

Inmate Chung Kao appeals a judgment dismissing his petition for writ of mandate.

The petition sought to compel the Department of Corrections and Rehabilitation

(Department) to process a disciplinary appeal Kao submitted in 2012.  The trial court

dismissed the petition after sustaining the Department's demurrer without leave to amend on the grounds the petition was untimely and Kao had failed to establish justification for the delay in filing it.

Resolving this appeal principally requires us to decide what limitation period applies to Kao's petition. The Department contends the appropriate limitation period is the 60-day rule used to assess the timeliness of nonstatutory writ petitions filed in appellate courts. (See *St. Mary v. Superior Court* (2014) 223 Cal.App.4th 762, 771, fn. 14.) Kao contends the appropriate limitation period is the four-year statute of limitations in Code of Civil Procedure section 343.[1]

We disagree with both parties. We conclude the appropriate limitation period is the three-year statute of limitations in section 338, subdivision (a). As Kao's petition is timely under this code section and the defense of laches cannot be determined from the face of the petition, the court erred in sustaining the Department's demurrer. We, therefore, reverse the judgment and remand the matter for further proceedings consistent with this decision.

## BACKGROUND

Kao's petition alleges, in February 2012, he submitted a disciplinary appeal to the appeals coordinator of the prison where he was then housed. In March 2012, after he did not receive either an acknowledgment or a rejection of the appeal, he sent a duplicate of

---

[1] Further statutory references are to the Code of Civil Procedure unless otherwise stated.

2

the appeal to the appeals coordinator along with a request for the appeals coordinator to file either the original or the duplicate.

In April 2012 the appeals coordinator returned the original appeal with a transmittal stating the appeal was not on approved appeal forms. The transmittal included the remarks "NO PHOTO COPIES[*sic*], ONLY ORIGINALS," "NO DECLARATIONS ALLOWED," and "NO INMATE MANUFACTURED DOCUMENTS." In addition, several documents Kao had submitted with the appeal were crossed out. According to Kao, an inmate found guilty of a disciplinary charge only receives a copy of the final disciplinary report, never the original, which he believes is placed in the inmate's prison file. He also alleges the crossed-out documents were copies of evidence submitted to and received by the hearing officer at the underlying disciplinary hearing. He could not attach the originals to his appeal because the prison, not Kao, maintained the originals.

A little more than a week after the appeals coordinator returned his appeal, Kao resubmitted it. This time, he included a carbonless paper copy of the disciplinary report instead of a photocopy. He also included a memo explaining why, in his view, the appeals coordinator had improperly returned the appeal. The appeals coordinator subsequently acknowledged receipt of the appeal and indicated it would be processed in the order received; however, the appeals coordinator never processed it.[2]

---

2    Although Kao also alleges he submitted another related appeal in May 2012 that the appeals coordinator never processed, his petition does not seek any relief as to this appeal.

3

In May 2012 Kao wrote a letter to the prison warden requesting the warden require the appeals coordinator to process the appeal. In July 2012 Kao received a letter from the warden responding to several correspondences Kao had sent him regarding the processing of inmate appeals. The letter did not directly address Kao's demand to have his appeal processed, but stated the prison's staff had been trained about processing inmate appeals and was in compliance with the Department's policy for screening out or cancelling inmate appeals.

In April 2014 Kao filed the instant petition for writ of mandate seeking to compel the Department to process his appeal. The Department demurred to the petition, asserting the petition was untimely under the 60-day rule used to assess the timeliness of nonstatutory writ petitions filed in appellate courts. Alternatively, the Department asserted the petition was barred by the doctrine of laches. The court agreed the petition was untimely under the 60-day rule. The court also found Kao had not established justification for his delay in filing the petition. Consequently, the court sustained the Department's demurrer without leave to amend and entered a judgment dismissing the petition.[3]

_____

[3] Kao previously filed a similar petition for writ of mandate involving a May 2010 grievance alleging staff misconduct. The trial court entered an order denying the petition on the merits and we affirmed the order. (*Kao v. California Department of Corrections & Rehabilitation* (Jan. 17, 2013, D060814) [nonpub. opn.].)

Additionally, in March 2014, Kao filed a petition for writ of habeas corpus with this court (*In re Kao* (Sept. 8, 2014, D065661)) challenging the disciplinary action

DISCUSSION

The standards for reviewing a judgment of dismissal following the sustaining of a demurrer without leave to amend are well settled. " ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." [Citation.] Further, we give the [petition] a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the [petition] states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.' " (*Simonelli v. City of Carmel-by-the-Sea* (2015) 240 Cal.App.4th 480, 483, quoting *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

I

Whether the court properly sustained the Department's demurrer turns on what limitation period applies to Kao's petition. As Kao's petition ostensibly seeks to compel the performance of a legally required act, the petition is for traditional mandamus under section 1085. (See § 1085, subd. (a) ["A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act

underlying the instant mandate petition. In September 2014 we denied the habeas petition because Kao had not shown he had exhausted his administrative remedies.

5

which the law specially enjoins, as a duty resulting from an office, trust, or station"]; *Gong v. Freemont* (1967) 250 Cal.App.2d 568, 571 [a writ of mandate compelling a ministerial act which the law specifically enjoins is commonly called " 'traditional mandamus' "].)

" 'The statute of limitations applicable to a writ of mandamus under [section] 1085 depends upon the nature of the obligation sought to be enforced. [Citation.]' [Citation.] 'It is often difficult to decide which statute of limitations governs an action for writ of mandate. The code provisions authorizing this action are silent as to the time within which it must be filed. [Citation.] Accordingly, the courts have developed the rule that the question is to be resolved not by the remedy prayed for but by the nature of the underlying right or obligation that the action seeks to enforce.' " (*Branciforte Heights, LLC v. City Of Santa Cruz* (2006) 138 Cal.App.4th 914, 926.)

The basis for this rule is section 1109, which is in the part of the Code of Civil Procedure governing special proceedings of a civil nature (§ 1063 et seq.), under the title governing writs of review, mandate, and prohibition (§ 1067 et seq.). (*W.R. Grace & Co. v. California Employment Comm.* (1944) 24 Cal.2d 720, 726-727; *Allen v. Humboldt County Board of Supervisors* (1963) 220 Cal.App.2d 877, 884.) Section 1109 states: "Except as otherwise provided in [the title of the Code of Civil Procedure governing writs of review, mandate, and prohibition], the provisions of [the part of the Code of Civil Procedure governing civil actions (§§ 307-1062.20)] are applicable to and constitute the rules of practice in the proceedings [for writs of review, mandate, and prohibition]."

6

Among the rules of practice section 1109 deems applicable to petitions for writ of mandate are the code sections governing the time for commencing civil actions (§§ 312-366.3). (See § 363 ["The word 'action' as used in [the title of the Code of Civil Procedure governing the time for commencing civil actions] is to be construed, whenever it is necessary so to do, as including a special proceeding of a civil nature"].) Unless a different limitation period is prescribed by statute elsewhere, we must look to the code sections governing the time for commencing civil actions to determine the limitation period applicable to Kao's petition. (§ 312 ["Civil actions, *without exception*, can only be commenced within the periods prescribed in [the title of the Code of Civil Procedure governing the time for commencing civil actions] . . . unless where, in special cases, a different limitation is prescribed by statute," (italics added)].)

The 60-day rule is not included within the code sections governing the time for commencing civil actions. Rather, it is a judicially created rule used presumptively by appellate courts to assess the timeliness of nonstatutory writ petitions seeking discretionary review of trial court decisions. Its purpose is to keep the time period for seeking writ review on par with the time period for seeking appellate review, absent extraordinary circumstances. (See *Keys v. Board of Supervisors* (1871) 42 Cal. 252, 255-256; *Reynolds v. Superior Court of County of Los Angeles* (1883) 64 Cal. 372, 373; *People v. Municipal Court (Mercer)* (1979) 99 Cal.App.3d 749, 752; *Scott v. Municipal Court* (1974) 40 Cal.App.3d 995, 996-997; *Volkswagen of America, Inc. v. Superior Court* (2001) 94 Cal.App.4th 695, 701; *St. Mary v. Superior Court*, *supra*, 223 Cal.App.4th at p. 771, fn. 14.) Since Kao's petition seeks to compel the Department to

act and does not seek discretionary review of a decision by the Department, application of the 60-day rule would not appear to serve an analogous purpose in this case. Even if the rule would serve an analogous purpose, the Department has not identified nor have we located a statute prescribing the application of the 60-day rule to petitions such as Kao's petition. Absent such statutory authority, sections 312 and 1109 preclude us from applying the 60-day rule to Kao's petition.

Of the limitation periods courts may apply under sections 312 and 1109, Kao advocates for the limitation period in section 343. Section 343 states: "An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued." However, this limitation period "applies only when *no other* more specific limitation period is applicable." (*Brandenburg v. Eureka Redevelopment Agency* (2007) 152 Cal.App.4th 1350, 1359.) Thus, if the code sections governing the time for commencing civil actions include a limitation period more specifically applicable to Kao's petition, the limitation period in section 343 does not apply.

Whether there is a more specifically applicable limitation period depends on the gravamen of Kao's petition. As previously stated, the petition seeks to compel the Department to process a disciplinary appeal Kao filed. The Department is obliged to process disciplinary appeals by the regulations in the California Code of Regulations, title 15, section 3084 et seq. These regulations are quasi-legislative rules the Department promulgated as part of lawmaking power delegated by the Legislature. (Pen. Code, § 5058, subd. (a); *In re Cabrera* (2012) 55 Cal.4th 683, 687-688.) Quasi-legislative rules

8

have the dignity of statutes. (*In re Cabrera*, *supra*, at p. 688.) Thus, the gravamen of Kao's petition is to compel the Department to comply with a statutory obligation.

The limitation period for an action based upon a liability created by statute, other than a penalty or forfeiture, is three years. (§ 338, subd. (a); *County Sanitation Dist. v. Superior Court* (1990) 218 Cal.App.3d 98, 106-107 ["An obligation is 'a liability created by statute' within the meaning of [section 338, subdivision (a),] . . . [citation], if the liability was created by law in the absence of an agreement [citation], or if the duty is fixed by the statute itself"].) Since the face of Kao's petition indicates he filed his petition within three years of the Department's alleged failure to process his disciplinary appeal, the Department has not shown the petition fails to state a cause of action because it is time-barred.

## II

The Department also has not shown the petition fails to state a cause of action because it is barred by the doctrine of laches. "The equitable defense of laches may be raised to deny a petition for a writ of mandate even though the applicable statute of limitations has been satisfied." (*Ragan v. City of Hawthorne* (1989) 212 Cal.App.3d 1361, 1368.) However, "unreasonable delay by the plaintiff is not sufficient to establish laches. There must *also* be prejudice to the defendant resulting from the delay or acquiescence by the plaintiff." (*Ibid.*, fn. omitted.) For a demurrer to be sustained based on the doctrine of laches, "both the delay and the injury must be disclosed in the complaint." (*Sangiolo v. Sangiolo* (1978) 87 Cal.App.3d 511, 514; accord, *Conti v. Board of Civil Service Comm'rs* (1969) 1 Cal.3d 351, 362 ["Laches may be raised by

9

demurrer, but only if the complaint shows on its face unreasonable delay *plus* prejudice or acquiescence"].)

In this case, the face of Kao's petition contains no facts showing prejudice to the Department.  Further, and contrary to the Department's assertion, Kao had no obligation to plead around a laches defense.  (*Conti v. Board of Civil Service Comm'rs*, *supra*, 1 Cal.3d at p. 362 [because delay does not establish the defense of laches in the absence of prejudice or acquiescence, a petitioner need not plead excuse or explanation].)  Accordingly, to the extent the court relied on the doctrine of laches to sustain the Department's demurrer, the court erred in doing so.

## DISPOSITION

The judgment is reversed.  The matter is remanded to the trial court for further proceedings consistent with this decision.  Kao is awarded his costs on appeal.

McCONNELL, P. J.

WE CONCUR:

NARES, J.

AARON, J.

10